Filed 5/18/26  P. v. Askov CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>CHARLES ASKOV,<br><br>        Defendant and Appellant. | B343039<br><br>Los Angeles County<br>Super. Ct. No. NA067761 |

APPEAL from an order of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Dismissed.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Charles Askov claims he was deprived of his constitutional rights to be present and represented by counsel when he was "resentenced." He was not resentenced. Instead, the trial court entered an order making minor corrections to his abstract of judgment that had no impact on his substantive rights. Because the order is not appealable, we dismiss the appeal.

## BACKGROUND

In 2006, Askov pleaded guilty to various offenses in two different superior court cases (case nos. NA067247 and NA067761). Although the abstracts of judgment in those cases were filed on separate dates, the trial court accepted Askov's pleas in both cases and imposed sentence in both cases on the same date, April 12, 2006. The abstract of judgment in case number NA067761, as well as the minute order of the sentencing hearing, reflect that Askov was sentenced to a total consecutive term of four years in that case. The abstract of judgment in case number NA067247 reflects that Askov was sentenced to a term of 31 years in that case.

In 2023, a correctional case records analyst for the California Department of Corrections and Rehabilitation (CDCR) sent the trial court a letter indicating that Askov's abstract of judgment in case number NA067761 may require a slight correction. The letter indicated that a box should be checked on the abstract of judgment to specify that a sentence imposed on an assault count was consecutive and noted that the sentence on the assault was one-third the middle term, doubled based on a prior strike conviction found true in case number NA067247. The

2

letter further stated that the abstract of judgment should specify the middle term on the assault count rather than the lower term.

On August 13, 2024, the trial court entered an order to amend the abstract of judgment. Shortly thereafter, the court filed an amended abstract of judgment, checking the box as the CDCR had suggested, and specifying the sentence imposed was one-third the middle term on the assault doubled based on a prior strike. Critically, however, the original and amended abstracts of judgment in case number NA067761, as well as the minute order of the sentencing hearing, all specified that Askov was sentenced to a total consecutive four-year term in that case. In other words, although the changes in the abstract of judgment clarified minor information regarding Askov's sentence, the clarifications had no impact on Askov's total sentence. Askov appealed.

## DISCUSSION

On appeal, Askov argues the correction of the abstract of judgment constituted a resentencing that effectively increased his sentence by four years, and he was therefore denied his Sixth and Fourteenth Amendment rights to be personally present and represented by counsel at the resentencing hearing. We disagree. The trial court did not resentence Askov—it merely corrected minor clerical errors in the abstract of judgment pointed out by the CDCR.

Askov contends the trial court changed his concurrent four-year sentence in Case No. NA067761 to a consecutive sentence. Nothing in the record supports this assertion. To the contrary, the record indicates no concurrent sentence was imposed. For example, there is a column on the abstract of judgment form labelled "concurrent" that can be checked if a sentence for an

3

offense is to run concurrently.  That box was not checked in the original abstract of judgment.  Nor was there any indication in the minute order that the sentence was to run concurrently.

Although the trial court's modification to the abstract of judgment elucidated the specific components of the four-year sentence originally imposed, it did not increase the sentence. Additionally, the CDCR letter did not request that Askov's sentence be recalled.  The trial court thus did not have jurisdiction to recall Askov's sentence and fully resentence him. (See § 1172.1, subd. (a).)  Under these circumstances, we conclude the trial court's modification of the abstract of judgment did not affect Askov's substantial rights and is therefore not appealable. (See *People v. Magana* (2021) 63 Cal.App.5th 1120, 1124–1128 [dismissing an appeal under circumstances similar to those presented here]; Pen. Code, § 1237 [an appeal may be taken by a defendant from a final judgment or any order after judgment affecting the substantial rights of the party].)

## DISPOSITION

The appeal is dismissed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TAMZARIAN, J.

We concur:

ZUKIN, P. J.

MORI, J.